**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CLOVER TECHNOLOGIES GROUP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 13-cv-1697 |
| OXFORD AVIATION, INC. and JAMES L. | ) | |
| HOROWITZ. | ) | The Honorable Ruben Castillo |
| | ) | |
| Defendants | ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR RULE 12(g) MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2), 12(b)(3) and 12(b)(6)

NOW COMES Defendants, OXFORD AVIATION, INC. and JAMES L. HOROWITZ (collectively "Defendants"), by and through their attorneys, in support of their Rule 12(g) Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(2), Rule 12(b)(3) and Rule 12(b)(6), provides the following Memorandum of Law.

### I.    INTRODUCTION

Plaintiff filed the instant Complaint against Defendants on March 5, 2013. See ECF No. 1. Defendant, Oxford Aviation, Inc. (hereinafter "Oxford") is an FAA Part 145 Certified Repair Station that provides aircraft refinishing services. Oxford is a Maine domestic corporation with its office in Oxford, Maine. Oxford's sole refurbishment facility is located in Oxford, Maine. Defendant James L. Horowitz (hereinafter "Horowitz") is an individual residing in Maine, who serves as the President of Oxford.

Counts I and II of the Complaint seeks to recover against both Defendants for (I) Fraud and (II) Illinois Consumer Fraud and Deceptive Business Practices Act. Counts III and IV of the

Complaint seek recovery against Oxford under theories of Breach of Contract and Breach of Warranty, respectively. All claims stem from refinishing and painting work performed by Oxford on Plaintiff's aircraft pursuant to a contract between the parties. In its Prayer for Relief, the Complaint seeks to recover punitive damages and attorney's fees. See ECF No. 1.

## II.    ARGUMENT

### A.    The Complaint should be dismissed pursuant to Rule 12(b)(2) as this Court lacks *in personam* jurisdiction over the Defendants.

As a general rule, the forum State's exercise of power requires some act by which the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections its laws." J. McIntyre Mach., Ltd. v. Nicastro, 131 S. Ct. 2780, 2787 (2011). A court may subject a defendant to judgment only when the defendant has sufficient contacts with the forum State "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Id. at 2786 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

The Illinois Supreme Court recognizes the "minimum contacts" test as the threshold issue in any personal jurisdiction challenge in Illinois. Wiles v. Morita Iron Works Co., 125 Ill. 2d 144, 161; 530 N.E.2d 1382, 1390 (Ill. 1988). In turn, the relevant inquiry into whether the minimum contacts test has been satisfied depends on what category of personal jurisdiction is being sought—either general or specific. Keller v. Henderson, 359 Ill. App. 3d 605, 613; 834 N.E.2d 930, 936 (2d Dist. 2005).

General jurisdiction for a corporate defendant exists when it has engaged in continuous and substantial business activity within the forum, the paradigm example being a location where it "is fairly regarded as at home." Goodyear Dunlop Tires Operations v. Brown, 131 S. Ct. 2846, 2853-54 (2011). Consequently, the standard for finding general jurisdiction is very high and

requires a showing that the nonresident defendant carried on systemic business activity in Illinois "not casually or occasionally, but with a fair measure of permanence and continuity." Morgan, Lewis & Bockius LLP v. City of East Chicago, 401 Ill. App. 3d 947, 953; 934 N.E.2d 23, 31 (1st Dist. 2010). Essentially, this means that, "the foreign corporation has taken up residence in Illinois." Id.

In contrast, specific jurisdiction requires a showing that the defendant purposefully directed its activities at the forum state and the cause of action arose out of or relates to the defendant's contacts with the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). Under specific jurisdiction, a nonresident defendant may be subjected to a forum state's jurisdiction based on certain specific acts within the state but only with respect to matters related to those specific acts. Goodyear, 131 S. Ct. at 2853.

In either case, "[j]urisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the nature and quality of the defendant's acts which occur in Illinois or which affect interests located in Illinois." Rollins v. Ellwood, 141 Ill. 2d 244, 274; 565 N.E.2d 1302, 1316 (Ill. 1990).

Unmistakably, Defendants are not subject to the general jurisdiction of the Court. Horowitz is an individual residing in Maine with no assets or property in Illinois. Oxford is a Maine corporation that provides its services out of a single refurbishment facility in Maine. Oxford does not sell or ship products to Illinois. Oxford does not provide services, care or support in Illinois. Oxford does not have any offices, assets, property, or employees in Illinois. Likewise, Oxford is not licensed to do business in Illinois. Oxford does not directly solicit Illinois consumers. In the past three (3) years, Oxford has had no Illinois customers besides its single contract with Plaintiff in 2012. This constituted a mere 1.4 % of Oxford's total annual

revenue in 2012.   <u>See</u> Exhibit 1, Affidavit of James Horowitz.   In other words, there is no evidence showing that Defendants engaged in the type of permanent and systemic business activity in Illinois that would justify a finding of general jurisdiction.   Under these facts, it would be impossible to conclude that Illinois could be fairly regarded as Defendants' "home."   <u>See</u> <u>Goodyear</u>, 131 S. Ct. at 2854.

Further, insufficient contacts exist for this Court to exercise specific jurisdiction over the Defendants.   Because this action essentially involves a contract for professional services, cases concerning claims of professional malpractice against an out-of-state entity are particularly instructive.   Those cases have developed "special rules to ensure that jurisdiction is exercised only when the defendant purposefully availed itself of the privileges of conducting activities in the plaintiff's state." <u>Sabados v. Planned Parenthood of Greater Indiana</u>, 378 Ill. App. 3d 243, 248; 882 N.E.2d 121, 126 (1st Dist. 2007).   In such cases, "the focus must be on the place where the services are rendered, since this is the place of the receiver's need." <u>Id.</u> at 248-49. Accordingly, "a plaintiff who travels out of state to seek personal assistance and then travels back to the forum state <u>should expect to travel back to the state of service</u> in order to lodge any related complaint." <u>Id.</u> (emphasis added).

In <u>Sabados</u>, the Illinois-based plaintiff admitted traveling to Indiana to seek treatment from defendant in Indiana, and being examined and treated in Indiana.   The <u>Sabados</u> court held that plaintiff's "unilateral activity" of seeking treatment from defendant did not entitled the Illinois court to exercise specific jurisdiction over the defendant.   <u>Id.</u> at 249; <u>See also</u>, <u>Ballard v. Rawlins, M.D., Inc.</u>, 101 Ill. App. 3d 601; 428 N.E.2d 532 (5th Dist. 1981) (Illinois court could not exercise personal jurisdiction over Missouri doctor who treated Illinois patient in Missouri).

In the present matter, similar to <u>Sabados</u>, none of the conduct at issue in the Complaint occurred "within" the State of Illinois. First, as acknowledged in the Complaint, the first contact between the parties was initiated by Plaintiff without any solicitation from Defendant. <u>See</u> Exhibit 1; ECF # 1, ¶2. Plaintiff then voluntarily chose to bring its aircraft to Maine to be refurbished in Maine by Oxford pursuant to a contact, the terms of which required that any dispute be resolved exclusively in the courts of the State of Maine, as well as the application of Maine law. The terms further provided that any Warranty repairs would be performed in Maine. All of the contractual services were performed on Plaintiff's aircraft in Maine, not Illinois. The aircraft was delivered back to Plaintiff by Defendant in Maine. The alleged damage occurred in Maine. Finally, no statements or representations were made by Defendants within Illinois. <u>See</u> Exhibit 1.

Ultimately, the sole arguable contact with Illinois occurred when Oxford mailed its brochure to Plaintiff's pilot after Plaintiff's initial contact. However, the brochure was provided simply because it was specifically requested by Plaintiff. <u>See</u> Exhibit 1. Further, this type of limited contact with the forum state has been held insufficient by other courts. For example, in <u>Hust v. Northern Log, Inc.</u>, 297 N.W.2d 429 (N.D. 1980), the plaintiffs, who resided in North Dakota, viewed a log home built with the defendant's materials and wrote to the corporation's Minnesota headquarters for information. The defendant sent the plaintiffs a brochure, and the plaintiffs then traveled to Minnesota and executed a purchase contract with defendant. The plaintiffs argued personal jurisdiction existed because, *inter alia*, the defendant sent an advertising brochure to North Dakota in response to their inquiry. <u>Id.</u> at 431. However, the North Dakota court rejected this argument, finding the defendant's sending of its "brochure

displaying its products after the Husts inquired about building a log home" was insufficient to render it subject to the jurisdiction of the North Dakota Court.  Id. at 433.

Moreover, it is undisputed the parties contemplated that Plaintiff would have to travel to Maine if it wished to obtain the benefits of Oxford's services.  See Exhibit 1.  Under these circumstances, Plaintiff should be expected to travel back to Maine if it wishes to lodge a complaint about the contractual services it received.  Sabados, 378 Ill. App. 3d at 248-49.  In any event, it would be unfair, unjust, and unreasonable to require the nonresident Defendants to defend this action in Illinois, considering that the Defendants did not purposefully commit any acts in Illinois, affect interests located in Illinois or otherwise purposefully avail themselves of the privilege of conducting activities within Illinois.  See Exhibit 1.  Accordingly, this Court cannot exercise specific jurisdiction over the Defendants.

Furthermore, the jurisdictional allegations in the Complaint are merely conclusory and are devoid of any factual support whatsoever in support of jurisdiction over Defendants.  For example, Plaintiff's jurisdictional allegations improperly focus on Plaintiff's conduct within the State of Illinois, and not on Defendant's conduct within the State of Illinois.  See Complaint, ¶ 8. Also, contrary to Plaintiff's allegations in ¶ 8 of the Complaint, the lone act of sending an invoice to Illinois for services rendered in Maine could not plausibly subject a defendant to the personal jurisdiction of Illinois.[1]  Moreover, the allegation in ¶ 12 of the Complaint concerning the generation of "written marketing materials" "directed to the market generally" is insufficient as it does not allege the materials were specifically directed to Illinois.  C.S.B. Commodities, Inc. v. Urban Trend (HK) Ltd., 626 F. Supp. 2d 827, 853-854 (N. D. Ill. 2009). Generally, "national advertisements (including those on the internet) are insufficient to subject a defendant to

---

[1] As set forth in the Affidavit of James L. Horowitz, invoices were not actually sent to Illinois, but were merely e-mailed to Plaintiff.  See Exhibit 1.

jurisdiction in Illinois." David White Instruments, LLC v. TLZ, Inc., 2003 U.S. Dist. LEXIS 8375, * 16 (N.D. Ill.) (attached as Exhibit 2). Indeed, Plaintiff's allegations fail to make a prima facie showing of jurisdiction that would permit jurisdictional discovery. See Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp., 230 F. 3d 934, 946 (7th Cir. 2000). Therefore, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(2) as Defendants are not amenable to the *in personam* jurisdiction of this Court.

**B.      The Complaint should be dismissed pursuant to Rule 12(b)(3) as the Northern District of Illinois is an improper venue**

> *1.    Venue is improper due to the Forum Selection Clause between the parties*

As acknowledged by Plaintiff in the Complaint, the parties entered into a contract for the providing of refinishing services on Plaintiff's aircraft. However, those same contractual services were performed by Oxford pursuant to the written terms of Oxford's Limited Warranty, which contains a Forum Selection Clause, stating as follows:

> The parties agree that this Agreement shall be governed by and its terms construed in accordance with, the laws of the State of Maine and that the courts of the State of Maine shall have exclusive jurisdiction over any dispute arising out of or relating to the Agreement or any breach thereof…

See Exhibit 1.

Although signatures were not affixed to the Limited Warranty, both Illinois and Maine courts do not require a signature to a written contract if the non-signing party receives the terms and otherwise assents to the contract by his acts and conduct and/or does not object to the terms. Landmark Prop., Inc. v. Architects Intl.-Chicago, 172 Ill. App. 3d 379, 383; 526 N.E.2d 603, 606 (1st Dist. 1988); QAD Investigators, Inc. v. Kelly, 776 A.2d 1244, 1250 (2001). Here, Plaintiff assented to the terms and conditions of the Limited Warranty by delivering its aircraft to Defendant after having received those terms on several occasions, accepting the aircraft, and

thereafter tendering payment for invoices which contained those same terms and conditions. See Exhibit 1. As such, the Forum Selection Clause was in effect.

Courts generally presume forum-selection clauses are valid and enforceable. IFC Credit Corp v. Aliano Brothers Gen. Contractors, Inc., 437 F.3d 606, 610 (7th Cir. 2006). Accordingly, because the parties' contract stipulated under the Forum Selection Clause that any lawsuit be filed solely in the "courts of the State of Maine," venue is improper in the Northern District of Illinois. Therefore, the Complaint should be dismissed pursuant to Rule 12(b)(3) on the grounds of improper venue.

   *2. Venue is improper under 28. U.S.C. § 1391*

Additionally, notwithstanding the Forum Selection Clause, venue is otherwise improper in the Northern District of Illinois. When federal jurisdiction over an action is founded only on diversity of citizenship, proper venue is found only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

In the instant matter, it is uncontested that Defendants are residents of the State of Maine. See Exhibit 1. As such, venue cannot be established under category (1) above.

Furthermore, regarding category (2), in determining where a substantial part of the events giving rise to the claim arose, the court should focus on the activities of the defendant, not those of plaintiff. Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003). Here, no part of the events or omissions giving rise to the claim occurred in this judicial district. Rather, all of

8

Defendants' conduct occurred solely and exclusively in the State of Maine. See Exhibit 1. Regarding Plaintiff's "fraud" allegations, any and all statements and representations were made by Defendant from and within the State of Maine. Id. It necessarily follows that proper venue cannot be established under the "substantial part" analysis used to interpret category (2), above.

Finally, category (3) above does not apply. Assuming, arguendo, that the Court has personal jurisdiction over Defendants, and without considering the Forum Selection Clause, there is an available "district in which the action may otherwise be brought," namely, the United States District Court for the District of Maine. Therefore, the Complaint should be dismissed pursuant to Rule 12(b)(3) on the grounds of improper venue.

 3. *In the alternative, venue should be transferred to the United States District Court for the District of Maine pursuant to 28. U.S.C. § 1404(a)*

Even if this Court finds that venue is proper in this district pursuant to 28 U.S.C. § 1391, and assuming, arguendo, that this Court first finds that it can assert *in personam* jurisdiction over Defendants, this Court should nonetheless transfer this case to the United States District Court for the District of Maine 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses.

Section 1404(a) allows a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district. Courts generally consider the availability to and access to witnesses, and each party's access to and distance from resources in each forum. Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc., 626 F.3d 973, 978 (7th Cir. 2010). Other relevant factors include the location of material events and the relative ease of access to sources of proof. Id. Finally, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy. Id.

In the present matter, the District of Maine is a substantially more convenient forum. Defendants, their witnesses, documents and evidence are all located in the State of Maine. See Exhibit 1. The material events (i.e. the contractual services) were performed exclusively in Maine. Furthermore, because the relevant law in this matter will likely be Maine law, the District of Maine is in the best position to address same. Indeed, the only relationship of this action to Illinois is that the Plaintiff is located in Illinois. Under these circumstances, it would be tremendously inconvenient for Defendants to defend themselves in an Illinois forum. Therefore, in the alternative, venue should be transferred to the United States District Court for the District of Maine pursuant to 28 U.S.C. § 1404(a).

**C.     Counts I (Fraud) and Counts II (Illinois Consumer Fraud and Deceptive Business Practices Act) should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.**

Counts I and II of the Complaint seek to recover for "Fraud" and "Illinois Consumer Fraud and Deceptive Business Practices Act." Both Counts are premised on the same facts under a theory of "fraudulent misrepresentation." However, Plaintiff fails to sufficiently plead both Counts. Therefore, Plaintiff's Fraud claims should be dismissed pursuant to Rule 12(b)(6).

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. Triad Assoc., Inc. v. Chicago Housing Auth., 892 F.2d 583, 586 (7th Cir. 1989). In addition to pleading each element of a cause of action, under the pleading standard articulated by the Supreme Court in Twombly and its progeny, a plaintiff's complaint must contain allegations that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A claim has facial plausibility when plaintiff pleads "factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. While the court must construe all factual allegations as true, and must draw all reasonable inferences in the plaintiff's favor, legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption. Id. at 1951.

Under Illinois law[2], a well-plead claim for common law Fraud requires the following be plead with specificity: (1) a statement by defendant; (2) of a material nature as opposed to opinion; (3) that was untrue; (4) that was known or believed by the speaker to be untrue or made in culpable ignorance of its truth or falsity; (5) that was relied on by the plaintiff to his detriment; (6) made for the purpose of inducing reliance; and (7) such reliance led to the plaintiff's injury. Chow v. Aegis Mortg. Corp., 185 F. Supp. 2d 914, 917 (N.D. Ill. 2002) (emphasis added).[3]

The elements of a claim under the Consumer Fraud Act are: (1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 574 (7th Cir. 2012). In addition, "a plaintiff must demonstrate that the defendant's conduct is the proximate cause of the injury." Id. The elements of either claim require a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Also, a plaintiff must allege facts from which fraud is the necessary or probable inference. People ex rel Hartigan v. E & E Hauling, 218 Ill. App. 3d 28, 40; 577 N.E.2d 1262, 1271 (1st Dist. 1991).

---

[2] Plaintiff's claims for common law and statutory Fraud are expressly brought pursuant to Illinois law. However, by addressing these claims under their Illinois elements, Defendant does not concede that Illinois law applies to this action.

[3] The elements of an action for common law Fraud are identical in Maine. Dowling v. Bangor Hous. Auth., 2006 ME 136, P.16 (Me. 2006).

Regarding Plaintiff's claim for common law Fraud, Plaintiff fails to allege the required element that the alleged misrepresentations were "known or believed by Defendants to be untrue or made in culpable ignorance of their truth or falsity." <u>Chow</u>, 185 F. Supp. 2d at 917.  Also, the alleged misrepresentations that "Oxford offers the highest quality work available" and "delivers the aircraft in better than new condition" are simply matters of opinion as opposed to matters of a material factual nature.  <u>See</u> Complaint, P. 3.  Such statements of opinion are not recoverable under a theory of common law Fraud.  <u>Chow</u>, 185 F. Supp. 2d at 917.

The remaining alleged misrepresentations and warranties concern the process utilized by Oxford for the repainting job.  <u>See</u> Complaint. pp. 3-4.  However, it is plain from the Complaint that these matters were subsumed into the services contract between the parties.  Indeed, Plaintiff seeks to recover for Breach of Contract and Breach of Warranty for failure to carry through on these same warranties.  <u>See</u> Complaint, Counts III and IV.  Also, Plaintiff seeks the identical damages (i.e. the alleged damage and physical defects to the aircraft) for all Counts, both contract and Fraud.

In Illinois, a party may not recover in tort for what is essentially a breach of contract. <u>Masters v. Central Illinois Electric & Gas Co.</u>, 7 Ill. App. 2d 348, 369;129 N.E.2d 586, 597 (1955).  Likewise, under Maine law, a party is not entitled to seek recovery for fraud when a breach of warranty/contract claim is also sought for those same economic losses.   <u>Maine-ly Marine Sales & Serv., Inc., v. Worrey</u>, 2006 Me. Super. Lexis 79, 6-7 (Me. 2006) (attached as Exhibit 3).  Thus, in essence, Plaintiff's allegations of fraud are merely an impermissible attempt to recast a breach of contract claim as a tort, and should therefore be dismissed.

Additionally, the Consumer Fraud Act does not apply to situations where the only actual controversy is whether an isolated breach of contract occurred.  <u>Chen v. Finch University of</u>

Health Sciences, 298 Ill. App. 3d 146, 158; 698 N.E.2d 257, 268 (2d Dist 1998). A breach of

contract, without more, is insufficient to sustain a cause of action recognizable under the

Consumer Fraud Act. Id. at 159. As the Supreme Court of Illinois explained, "we believe that a

'deceptive act or practice' involves more than the mere fact that a defendant promised something

and then failed to do it. That type of 'misrepresentation' occurs every time a defendant breaches

a contract." Avery v. State Farm Mut. Auto. Ins. Co., 216 Ill. 2d 100, 169; 835 N.E.2d 801, 844

(Ill. 2005). The Avery court further explained,

> [w]ere our courts to accept plaintiff's assertion that promises that go
> unfulfilled are actionable under the Consumer Fraud Act, consumer
> plaintiffs could convert any suit for breach of contract into a consumer
> fraud action. However, it is settled that the Consumer Fraud Act was not
> intended to apply to every contract dispute or to supplement every breach of
> contract claim with a redundant remedy.

Id. at 169. (internal quotations omitted). That is precisely what Plaintiff has improperly

attempted to do in the Complaint.

Other courts have held that contract-based claims under the Consumer Fraud Act must

satisfy an additional "consumer nexus test." Chen, at 159. Thus, when a claim under the

Consumer Fraud Act is premised upon a breach of contract, a party must allege some nexus

between the complained-of conduct and consumer protection concerns. Chen, 298 Ill. App. 3d at

160. Here, there are no plausible allegations in the Complaint that might implicate consumer

protection concerns. Plaintiff's conclusory allegation that Oxford's "written marketing materials

implicate concerns for consumer protection" lack facial plausibility because this action concerns

an isolated commercial transaction between two entities. Iqbal, 129 S. Ct. at 1949.

Finally, the Consumer Fraud Act does apply to alleged fraudulent transactions which take

place outside Illinois. Avery, 216 Ill. 2d at 185-86. A plaintiff may only pursue a private cause

of action under the Illinois Consumer Fraud Act if the circumstances that relate to the disputed

transaction occur primarily and substantially in Illinois. <u>Id.</u> Here, the transaction occurred primarily and substantially in Maine (<u>not</u> Illinois); therefore, the Illinois Consumer Fraud Act does not apply. Therefore, the Court should dismiss Plaintiff's claims for common law Fraud and Consumer Fraud under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**D.     Plaintiff's prayer for punitive damages and attorney's fees should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.**

Pursuant to Rule 12(b)(6), Plaintiff's prayer for punitive damages and attorney's fees fails to state a claim upon which relief can be granted. Illinois follows the American rule, which provides that each party must bear its attorney fees and costs absent statutory authority or contractual agreement. <u>Hous. Auth. V. Lyles</u>, 395 Ill. App. 3d 1036, 1038-1039; 918 N.E.2d 1276, 1278 (4th Dist. 2009). As stated above, Plaintiff has failed to allege a claim for Consumer Fraud, which is the only claim for which attorney's fees might be allowable. Moreover, the contract between the parties did not provide for the recovery of attorney's fees.

Furthermore, Plaintiff has sought punitive damages for what is essentially a simple breach of contract action. Under Illinois law, punitive damages are not available in a simple breach of contract action. <u>Morrow v. L.A. Goldschmidt Associates, Inc.</u>, 112 Ill. 2d 87, 94-95; 492 N.E.2d 181, 184 (1986). Finally, even if the Court finds that Plaintiff pled a claim for Consumer Fraud, the Complaint nonetheless fails to plead facts alleging actual malice or acts of reckless indifference necessary to recover punitive damages. <u>Smith v. Prime Cable of Chicago</u>, 276 Ill. App. 3d 843, 858-59; 658 N.E.2d 1325, 1336-37 (1st Dist. 1995). A mere allegation of falsity, deceitfulness or fraud does not rise to the level of "actual malice, evil motive or reckless

indifference." Id. Therefore, the court should dismiss Plaintiff's prayer for punitive damage and attorney's fees for failure to state a claim upon which relief can be granted.

WHEREFORE, Defendants respectfully request that this Court grant this Rule 12(g) Motion to Dismiss and enter an Order:

1. Dismissing Plaintiff's Complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction over Defendants;

2. Dismissing Plaintiff's Complaint pursuant to Rule 12(b)(3) for improper venue in the Northern District of Illinois, or, in the alternative, if proper venue is found, transferring this case under 28 U.S.C. § 1404(a) to the United States District Court for the District of Maine for the convenience of the parties and witnesses.

3. Dismissing Counts I and II of the Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted;

4. Dismissing the claims for punitive damages and attorney's fees pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted; and

5. Granting any other relief deemed just and appropriate.

Dated this 2nd day of May, 2013

Respectfully submitted,

**OXFORD AVIATION, INC. and**
**JAMES L. HOROWITZ**


By:     /s/ Alex Herran
        One of their Attorneys

John S. Hoff
Alex Herran
Jeffrey F. Clement
**HOFF & HERRAN**
135 S. LaSalle Street, Suite 3300
Chicago, IL 60603
(312) 346-8111 Tel
(312) 853-3924 Fax
jsh@aviationattorney.com
ah@aviationattorney.com
jfc@aviationattorney.com

15

## <u>CERTIFICATE OF SERVICE</u>

I, Alex Herran, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 2, 2013.


/s/ Alex Herran
Alex Herran

## SERVICE LIST

Mark Edward Wilson
David A Argay
Kerns, Frost & Perlman L.L.C.
70 West Madison Street
Suite 5350
Chicago, IL 60602
(312) 261-4572
(312) 261-4550
(312) 261-4565 (FAX)
mwilson@kfplegal.com
dargay@kfplegal.com

*Counsel for Plaintiff*